MEMORANDUM **
Rosalio Sanchez (“Sanchez”) was convicted of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). On appeal, he contends the district court erred in denying his motion to suppress, as well as his request for an evidentiary hearing on that motion. Because the parties are familiar with the facts, we will not recount them here. We affirm the district court’s decision.
We review for an abuse of discretion a district court’s refusal to hold an evidentiary hearing on a motion to suppress. United States v. Quoc Viet Hoang, 486 F.3d 1156, 1163 (9th Cir.2007). We review de novo a district court’s denial of a motion to suppress. United States v. Mayer, 560 F.3d 948, 956 (9th Cir.2009). We apply the same standard of review to determine whether a search was lawful. United States v. Jennings, 515 F.3d 980, 985 (9th Cir.2008).
An evidentiary hearing is required “only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.” United States v. Howell, 231 F.3d 615, 620 (9th Cir.2000). Sanchez failed to identify any “significant disputed factual issue” in his motion to suppress. Therefore, the district court did not abuse its discretion in refusing to hold a hearing. Id. at 621 (quoting United States v. Harris, 914 F.2d 927, 933 (7th Cir.1990)). Additionally, because there were no disputed issues of fact, the district court was not required to make any findings of fact on the record pursuant to Federal Rule of Criminal Procedure 12(d).
The district court correctly denied Sanchez’s motion to suppress, because the search was lawful. Sanchez concedes that the traffic stop was legal, and does not contest the legality of his arrest. The search was “roughly contemporaneous” with Sanchez’s arrest, and was “limited to the area within [Sanchez]’s immediate control — ‘the area into which [Sanchez] might reach in order to grab a weapon or evidentiary ite[m].’ ” United States v. Caseres, 533 F.3d 1064, 1070, 1073 (9th Cir.2008) (citing Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)). Because the search was incident to Sanchez’s arrest, the warrant and probable cause requirements of the Fourth Amendment do not apply. Id. at 1073.
Because the police seized the cash in a lawful search, they did not need a warrant to examine or photograph it. See, e.g., United States v. Burnette, 698 F.2d 1038, 1049 (9th Cir.1983).
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.